UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jennifer Pierce,                                                    Civ. No. 16-4406 (PAM/BRT)

          Plaintiff,

v.                                                                  **MEMORANDUM AND ORDER**

BMW of North America, LLC,

          Defendant.

This matter is before the Court on Defendant BMW of North America, LLC's Motions for Summary Judgment. For the following reasons, the Motion is granted.

**BACKGROUND**

Plaintiff Jennifer Pierce and her husband Jerame Pierce own a 2005 Mini Cooper, which is manufactured by Bayerische Motoren Werke Aktiengesellschaft, or BMW AG, a German company. Mini Coopers are distributed in the United States by Defendant BMW of North America ("BMW NA"). Pierce alleges that, on August 15, 2014, she was loading a box into the back of the Mini when the hatchback suddenly dropped onto her head, causing traumatic brain injuries. (Am. Compl. (Docket No. 15) ¶¶ 10-11.)

Pierce's Amended Complaint claims that the gas spring strut on the hatch of the Mini Cooper "was defectively designed and/or manufactured because it allowed the gas to leak out of the spring causing the rear hatch strut to fail." (Id. ¶ 13.) She sued both BMW NA and the manufacturer of the gas strut itself, Defendant Stabilus, Inc., raising claims of negligent design and manufacture, and strict liability and negligent failure to warn against both Defendants. Stabilus and Pierce have stipulated to the dismissal of Pierce's claims

against Stabilus (Docket No. 143), and thus BMW NA is the only remaining Defendant.

BMW NA moves for summary judgment, contending that it cannot be liable for Pierce's products liability claims because BMW AG, not BMW NA, is the manufacturer for purposes of those claims. In the alternative, BMW NA argues that the there is no genuine issue of material fact on Pierce's products liability claim, and that claim fails as a matter of law. Finally, BMW NA seeks dismissal of Pierce's failure-to-warn claims, contending that those claims fail as a matter of law.

**DISCUSSION**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must view the evidence and inferences that "may be reasonably drawn from the evidence in the light most favorable to the nonmoving party." Enter. Bank v. Magna Bank of Mo., 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

**A.     Negligent Manufacture/Design**

Pierce's first cause of action claims negligent manufacture and design against BMW NA. Minnesota law provides that, with certain limited exceptions, only a manufacturer may be liable for negligent manufacture and design. Minn. Stat. § 544.41, subd. 1. There

2

is no dispute that BMW NA is not the manufacturer of the Mini Cooper, and thus BMW NA seeks the dismissal of Pierce's negligent manufacture and design claim.

Pierce first argues that the statute provides an exception to the manufacturer's exclusive liability when the manufacturer "cannot be subject to the jurisdiction of the courts of this state." Id. subd. 2(3). According to Pierce, BMW AG has successfully argued that it is not subject to the personal jurisdiction of other federal courts. She contends that this means that BMW AG is not subject to Minnesota courts' jurisdiction, and therefore she must be allowed to pursue her claims against BMW NA. But BMW AG's success in arguing against a different federal court's personal jurisdiction does not mean that the company "cannot be subject to the jurisdiction" of Minnesota courts. Pierce has not attempted to join BMW AG as a Defendant here, and thus there has been no determination regarding whether this Court could exercise jurisdiction over BMW AG. Her invocation of the statute's exception is unavailing.

Second, Pierce argues that the defective product is the car's maintenance schedule, which did not recommend maintenance for the struts, and not the strut itself or even the Mini Cooper as a whole. But she pled that the defective product was the strut itself. (Am. Comp. ¶ 13.) Pierce cannot replead her claims in her response to the motion for summary judgment. See N. States Power Co. v. Fed. Transit Admin., 358 F.3d 1050, 1057 (8th Cir. 2004) ("[W]hile we recognize that the pleading requirements under the Federal Rules are relatively permissive, they do not entitle parties to manufacture claims, which were not pled, late into the litigation for the purpose of avoiding summary judgment."). But even if Pierce had pled such a claim, it would fail, because an allegedly deficient maintenance

schedule is simply not a product for purposes of a products-liability claim.

Pierce concedes that she "is not alleging that the gas struts in question were defectively designed or manufactured." (Pl.'s Opp'n Mem. (Docket No. 117) at 1.) Summary judgment is therefore appropriate on her negligent manufacture or design claim.

**B.  Failure to Warn**

Under Minnesota law, negligent and strict liability failure-to-warn claims are analyzed using the same standard. Johnson v. Zimmer, No. 02cv1328, 2004 WL 742038, *9 n.8 (D. Minn. Mar. 31, 2004) (Tunheim, J.) (citation omitted). To prove her failure-to-warn claim, Pierce must establish that: "(1) the defendants had reason to know of the dangers of using the product; (2) the warnings fell short of those reasonably required, breaching the duty of care; and (3) the lack of an adequate warning caused the plaintiff's injuries." Tuttle v. Lorillard Tobacco Co., 377 F.3d 917, 924 (8th Cir. 2004) (quotation omitted).

BMW NA contends that there is no evidence of any other sudden failure of the gas struts on the Mini Cooper, and no evidence that such a failure caused any injuries. Pierce again attempts to obfuscate her claim, contending that her failure-to-warn claim arises out of the alleged failure of the maintenance schedule to warn consumers of the failure of the gas struts. But the maintenance schedule is not the product at issue; at most, the maintenance schedule is evidence of the warnings BMW AG provided. If there is no evidence that BMW NA knew or should have known of the danger that the strut would fail, the maintenance schedule that does not warn of that danger cannot give rise to liability.

Pierce has utterly failed to meet her burden on this claim. She points to no evidence that BMW NA knew or should have known of the dangers of the sudden failure of the gas struts, or even that the gas struts were dangerous in the first instance. As noted, she concedes that the gas struts were not defective. She has not come forward with any evidence to raise a genuine issue of fact on any of the elements of her failure-to-warn claim, and that claim must be dismissed.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** BMW NA's Motion for Summary Judgment (Docket No. 93) is **GRANTED** and this matter is **DISMISSED with prejudice**. **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 10, 2018

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge